IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

VICTORIA LYNN KNIGHT,

        Plaintiff,

    v.

PATRICIA CRAIN, et al,

        Defendants.

Case No. 1:14-cv-00075-CL

**REPORT & RECOMMENDATION**

CLARKE, Magistrate Judge.

    Plaintiff Victoria Lynn Knight seeks to proceed in forma pauperis (IFP) and pro se with a civil action against a long list of named defendants, including the Honorable Patricia Crain, a Jackson County Circuit Judge, the John Day Police Department, the Rogue Valley Medical Center, the Oregon State Police, and at least forty other individuals and organizations or entities. Plaintiff also moves for appointment of counsel in this case (#3). For the reasons stated below, the court recommends Plaintiff's IFP application and motion for counsel be denied, and her complaint dismissed.

Page 1 – REPORT & RECOMMENDATION

## BACKGROUND

Plaintiff's complaint (#2) and amended complaint (#6) are difficult to read. The thirteen handwritten pages list numerous grievances including defamation, "malicious infliction of injury of self and family," "breaking contract," "medical fraud," "interstate commerce," harassment, "endangering my life and my children's lives," "failing to prosecute crimes," "obstruction of justice," "torture," "exploitation financial," "conspiracy to violate civil rights," "abuse of power due to political, religious, disability, gender, domestic violence," and the list goes on. She states on one page, "I am sick – this has been since of 11/2009 – I sustained injuries and mental derangement due to purposeful torture, reverse discrimination." She claims she was "discriminated at voc rehab and exploited and harassed due to disability, gender, religious affiliation, domestic violence." "Mona Kuhl told me I wasn't in need of help because I was not gay or fat."

One recurring theme throughout the complaint is Plaintiff's assertion that she and her son are possibly in danger. It appears as though her son is disabled and possibly a ward of the state, although the details are unclear. It is similarly unclear which of the defendants committed which actions or conduct giving rise to any of Plaintiff's claims for relief, which include the following: "ORDER medical exam. I want my son and my relationship to be restored based on religious rights and moral obligations in court order. Violators prosecuted and damages awarded to relieve sufferings. Attorney appointed to Matthew Todd. Attorney appointed to Victoria Knight. Matthew Todd protected and his dignity restored and whatever Court decides."

## STANDARDS

Generally, all parties instituting any civil action in a United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal in forma pauperis ("IFP")

statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or…seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2)(B).

In regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before the service of the complaint on the defendants, and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must state a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556)

Pro se pleadings are held to less stringent standards than pleadings by attorneys. Haines v. Kerner, 404 U.S. 519, 520-521 (1972). That is, the court should construe pleadings by pro se plaintiffs liberally and afford the plaintiffs the benefits of any doubt. Karim-Panahi v. LA. Police Dept., 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted). Additionally, a pro se litigant

is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. Id. at 623.

Generally, there is no constitutional right to counsel in a civil case. United States v. 30.64 Acres of Land, 795 F.2d 796, 801 (9th Cir.1986). However, pursuant to 28 U.S.C. § 1915(e), this court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances. Id.; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986). While this court may request volunteer counsel in exceptional cases, it has no power to make a mandatory appointment. Mallard v. U.S. Dist. Court of Iowa, 490 U.S. 296, 301-08 (1989).

In order to determine whether exceptional circumstances exist, this court evaluates the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his or her claim pro se in light of the complexity of the legal issues involved. Wood, 900 F.2d at 1335-36; Wilborn, 789 F.2d at 1331; Richards v. Harper, 864 F.2d 85, 87 (9th Cir.1988) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir.1983)). However, "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under [former] section 1915(d)." Wilborn, 789 F.2d at 1331; Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991).

## DISCUSSION

It is well-established that the federal government generally defers to the states in regard to laws governing domestic relations. Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 12 (2004). Because matters regarding "the proper care, custody and control of juveniles...have traditionally been left to the states," Peterson v. Babbit, 708 F.2d 465, 466 (9th Cir. 1983), the Ninth Circuit has determined that federal courts "should not adjudicate cases involving domestic

relations, including 'the custody of minors and *a fortioti*, rights of visitation.'" Peterson, 708 F.2d at 466 (9th Cir. 1983). Even if a case raises constitutional issues, a federal court should decline to hear it if the case centers on a child custody dispute. Thompson v. Thompson, 798 F.2d 1547, 1558 (9th Cir. 1986); Coats v. Woods, 819 F.2d 236, 237 (9th Cir. 1987); Csibi v. Fustos, 670 F.2d 134, 136-37 (9th Cir. 1982); *see also* Banks v. Washington State CPS, No. CV-06-0335-JLQ, 2007 WL 128351, at *1 (E.D. Wa., Jan. 11, 2007) ("In the Ninth Circuit, district courts must refuse jurisdiction if the primary issue concerns child custody issues"). As the Ninth Circuit has explained:

> [T]he strong state interest in domestic relations matters, the superior competence of state courts in settling family disputes because regulation and supervision of domestic relations within their borders is entrusted to the states, and the possibility of incompatible federal and state court decrees in cases of continuing judicial supervision by the state makes federal abstention in these cases appropriate.

Coats, 819 F.2d at 237.

In addition, under the Rooker–Feldman doctrine, federal district courts lack jurisdiction over cases that directly challenge a state court judgment. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 292, 125 S.Ct. 1517 (2005); Amerisourcebergen Corp. v. Roden, 495 F.3d 1143, 1153 (9th Cir. 2007). The doctrine bars a federal court's direct review of issues actually decided by state courts as well as claims that amount to nothing more than an impermissible collateral attack on prior state court decisions and that are inextricably intertwined with the forbidden appeal. Ignacio v. Judges of U.S. Court of Appeals for Ninth Cir., 453 F.3d 1160, 1166 (9th Cir. 2006). The Rooker–Feldman doctrine applies even when the challenge to the state-court decision involves federal constitutional issues, including those anchored in federally protected rights. Bates v. Jones, 131 F.3d 843, 856 (9th Cir. 1997). Rooker–Feldman

is a jurisdictional doctrine rather than a claim preclusion doctrine. Elwood v. Drescher, 456 F.3d 943, 948 (9th Cir. 2006).

Plaintiff's original and amended complaint seem to challenge decisions by at least one judge in state court, including a possible custody decision regarding Plaintiff's son. These claims are barred by both the domestic relations exception to federal court jurisdiction, as well as the Rooker-Feldman doctrine. Other requests for relief appear to attempt to initiate an investigation into the treatment of Plaintiff's disabled son, which the Court finds it has no authority to do. Because none of the Plaintiff's claims or allegations state a claim for relief that may be granted by this Court, her complaint should be dismissed, and her motions for appointment of counsel and to proceed IFP should be denied.

Because it is not absolutely clear that the deficiencies of the complaint could not be cured by amendment, plaintiff should be granted leave to file an amended complaint. *See* Silva v. Vittorio, 658 F.3d 1090, 1106 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it absolutely clear that the deficiencies of the complaint could not cured by amendment") *(citation omitted)*. If the plaintiff is granted leave to amend, she should be directed to make a short and concise statement of the factual allegations and limit her claims to those which may be heard by this court.

## RECOMMENDATION

Based on the foregoing, the court recommends that Plaintiff's amended complaint (#6) be DISMISSED without prejudice, and that Plaintiffs' application to proceed IFP (#1) be DENIED as moot. Plaintiff's motion for appointment of counsel (#3) should also be DENIED.

The court recommends that Plaintiff be allowed thirty days in which to file an amended complaint, and that Plaintiff be advised that failure to file an amended complaint will result in the dismissal of this proceeding.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. Objections to this Report and Recommendation, if any, are due fourteen (14) days from today's date. If an objection is filed, any response to the objection is due within fourteen (14) days from the date of the objection. See FED. R. CIV. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED this ___ day of January, 2014.

MARK D. CLARKE
United States Magistrate Judge